UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN SURGICAL ASSISTANTS, INC., | § § § |
| Plaintiff, | § § |
| v. | §   CIVIL ACTION NO. 4:09-cv-1374 |
| | § |
| PERFORMAX, INC., | § § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Performax, Inc.'s ("Performax") 12(b)(6) Motion to Dismiss and Brief in Support (Doc. No. 16) and Plaintiff American Surgical Assistants, Inc.'s ("ASA") Motion to Take Judicial Notice of United States Senate Report (Doc. No. 21). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Defendant's motion to dismiss should be denied as moot, and Plaintiff's motion to take judicial notice should be granted in part and denied in part.

### I.   BACKGROUND

ASA filed this lawsuit in state court in February 2009, alleging that Performax wrongfully failed to pay ASA for services ASA had provided to Performax policyholders.[1]  (Def. Performax, Inc.'s 12(b)(6) Mot. to Dismiss & Br. in Supp., Doc. No. 16, at 1.)  ASA's original complaint alleged state law claims against Performax for its failure to pay for assistant surgical services, including insurance code and deceptive

---

[1] In considering the Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations in Plaintiff's complaint as true. *Frame v. City of Arlington*, 575 F.3d 432, 433-34 (5th Cir. 2009).  The factual background that gives rise to this motion appears to be undisputed.  Thus, the Court pulls relevant facts from the motion to dismiss as well as ASA's Original Petition.  (Doc. No. 1, Ex. 1.)

1

trade practices violations, negligence and negligent misrepresentation, and breach of contract and prompt pay violations. (Pls.' Original Pet. with Disc. Attach., Doc. No. 1, Ex. 1, at 3-7.) Performax timely removed ASA's state court suit to this Court based on diversity of citizenship, or, alternatively, federal question jurisdiction. (Doc. No. 16, at 2.)

After the suit was removed to this Court, ASA obtained leave and filed a Second Amended Complaint, which is the live pleading in this case. (Pl.'s Second Am. Compl., Doc. No. 9.) The live complaint alleges the same state law claims listed above, in addition to breach of the duty of good faith and fair dealing and violation of the Texas Theft Liability Act, also state claims. ASA has also added federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.), under which it seeks declaratory relief and recovery for unpaid benefits. (Doc. No. 9, ¶¶ 91-121.)

Performax now moves to dismiss ASA's state law causes of action, as well as some of the ERISA actions alleged in the second complaint, arguing that such claims are either preempted or prohibited under ERISA.

## II.    MOTION TO DISMISS

### A.  12(b)(6) Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need

detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not be sufficient. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).

### B. Analysis

Performax argues that ASA's state law claims should be dismissed for failure to state a claim upon which relief can be granted. Performax argues specifically that the relevant benefit plans are governed by ERISA. ERISA, in turn, "mandates" that the statute's provisions "'supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan.'" (Doc. No. 16, at 4) (quoting 29 U.S.C. § 1144(a)). Thus, Performax maintains, ERISA completely preempts ASA's state law claims, which must be dismissed.

Additionally, Performax seeks to dismiss Counts Seven and Eight of the complaint for failure to state a claim, arguing that ASA may not simultaneously maintain

a claim under both Section 1132(a)(3) and Section 1132(a)(1)(B) of ERISA. Performax argues that a plaintiff may not bring claims under both sections of ERISA because the former provision operates merely as a "'catchall,'" designed as a safety net for claims which are not specifically provided for elsewhere in the statute. (Doc. No. 16, at 8) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996)). Performax contends that because appropriate relief, including recovery of unpaid benefits and declaratory relief, is available under Section 1132(a)(1)(B), dismissal of ASA's Section 1132(a)(3) claims is proper.

The Court need not examine the relevant case law in detail to determine whether ASA's state law claims are preempted by ERISA, or whether some of ASA's ERISA claims should be dismissed. In its response to Performax's motion, ASA agrees to "streamline" its claims in response to the motion to dismiss. Specifically, although ASA disagrees that its state law claims are preempted, it stipulates that it will "not bring[] any state law claims related to any patients who are covered by ERISA claims." (Pl. Am. Surgical Assistants, Inc.'s Response to Def. Performax, Inc.'s Mot. to Dismiss, Doc. No. 20, at 1.) ASA offers to amend its pleadings if the Court wishes. ASA asserts that some claims involve patients who are covered by ERISA plans, as well as patients who are not covered by ERISA plans. Although at the time of its response ASA was unable to determine which patients were covered by ERISA plans, it represents to this Court that such information will be determined in the course of discovery, which is underway now. (Doc. No. 20, at 1-2.)

Additionally, ASA agrees with Performax that it cannot recover under both Section 1132(a)(1)(B) and Section 1132(a)(3). Because Performax agrees that ASA is

entitled to bring claims under Section 1132(a)(1)(B), ASA withdraws its Section 1132(a)(3) claims.

Performax filed no reply to ASA's response, nor expressed opposition to ASA's response in any other way. Thus, the Court believes that ASA's withdrawal of certain claims will resolve the issues argued in Performax's motion to dismiss. The Court hereby orders ASA to amend its pleadings to reflect the changes represented in its response to Performax's motion to dismiss. ASA shall file its amended pleading no later than ten (10) days from the date of this Order. To the extent that Performax disagrees that ASA's forthcoming amended pleading resolves the issues it argued in its motion to dismiss, it may raise such arguments in a dispositive motion, such as a motion for summary judgment.

### III.    MOTION TO TAKE JUDICIAL NOTICE

ASA moves the Court to take judicial notice of the United States Senate Committee on Commerce, Science, and Transportation's June 24, 2009 report ("Senate Report") entitled "Underpayments to Consumers by the Health Insurance Industry." (*See* Pl. Am. Surgical Assistants, Inc.'s Mot. to Take Judicial Notice of United States Senate Report, Doc. No. 21, Ex. A.) The report is a culmination of the Committee's "investigation into how the insurance industry pays benefits to consumers who purchase 'out-of-network' health insurance coverage," (Doc. No. 21, Ex. A, at i), and contains detailed information about the Ingenix database, a database whose use is at issue in the instant litigation. Performax filed no response to the motion nor indicated its opposition in any other way.

### A. Standard

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts, or the facts of a particular case. It provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).

### B. Analysis

As an initial matter, it is unclear whether ASA seeks judicial notice of the fact that the Senate Report was issued, or whether it requests this Court to take judicial notice of the contents of the Senate Report. ASA offers a cursory analysis in support of its motion. In its analysis, ASA proffers that the Fifth Circuit holds that courts should generally take judicial notice of government reports, and further argues that federal courts have long taken judicial notice of congressional committee reports. The cases cited by ASA, however, do not fully support the propositions for which ASA cites them, and certainly do not militate in favor of granting judicial notice here. In *Terrebonne v. Blackburn*, the Fifth Circuit stated, "Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports." 646 F.2d 997, 1000 n.4 (5th Cir. 1981). The record in that case, however, was a statistical report from the Louisiana Department of Corrections, and the Fifth Circuit relied on the report only for its statistical findings. In the other federal cases cited by ASA, the courts either noted that they did not have to accept report findings as true, or cited a report for a discrete, quantifiable fact. *Stasiukevich v. Nicolls*, 168 F.2d 474, 479 (1st Cir. 1948) ("But though the court may

6

receive the report in evidence, or may take judicial notice of its existence and contents, this does not mean that the court must accept the findings in the report as the indisputable truth . . . .") (citations omitted); *Rothe Dev. Corp. v. U.S. Dep't of Defense* 499 F. Supp. 2d 775, 829 n.62 ("The Court takes judicial notice of the fact that the federal government is the single largest consumer of goods and services in the world.") (overruled in part on other grounds by *Rothe Dev. Corp. v. Dep't of Defense*, 545 F.3d 1023 (Fed. Cir. 2008)) (citing 108th Congress—Small Business Record, Report to the House Small Business Committee, p. 9 (Oct. 2004)).

In contrast to the courts' approaches above, ASA asks this Court to accept the entire contents of a seventy-six page Senate Report. This information is neither statistical, discrete, nor, in its entirety, quantifiable. The "Senate Report . . . contains findings, conclusions, disputed facts, and unverified data, which clearly do not satisfy the requirements of Rule 201(b)." *In re Cyberonics Inc. Sec. Litig.*, 2006 WL 2050696, at *3 (S.D. Tex. July 20, 2006). Moreover, if the Court took judicial notice of the contents of the Senate Report, it would be decisively ruling on a particular issue before it in this very case—whether Performax misused the Ingenix database in reimbursing patients and health care providers on their insurance claims. This would hinder or prevent Performax from laying out its own case on this very issue.

The concept of Rule 201 is to take notice of a fact whose accuracy cannot reasonably be questioned. ASA does not establish that the findings in the Senate Report cannot reasonably be questioned, nor does it address the two prongs of the Rule 201(b) test and why they are met here. The Court does not believe it appropriate to take notice of the contents of a report that pass on the very questions at play in this litigation. If ASA

7

wishes for certain statements from the report to be admitted in a later dispositive motion or at trial, it will have to go through the proper evidentiary channels to do so.

### IV.   CONCLUSION

Performax's 12(b)(6) Motion to Dismiss and Brief in Support (Doc. No. 16) is **DENIED AS MOOT**.  The Court believes that ASA's withdrawal of certain claims will resolve the issues argued in Performax's motion to dismiss.  ASA shall amend its pleadings to reflect the appropriate changes.  ASA shall file its amended pleading no later than ten (10) days from the date of this Order.

ASA's Motion to Take Judicial Notice of United States Senate Report (Doc. No. 21) is **GRANTED** in part and **DENIED** in part.  The motion is granted to the extent it requests judicial notice of the issuance of the Senate Report.  The motion is denied to the extent it requests judicial notice of the contents of the Senate Report.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of March, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**